# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

September 3, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

vs) **No. 12-1326** (Hampshire County 11-F-35)

**Blane Wolford,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Blane Wolford, by counsel Eric Black, appeals the Circuit Court of Hampshire County's sentencing order entered on July 20, 2012. The State of West Virginia, by counsel Scott Johnson, filed its response. On appeal, petitioner alleges that the circuit court erred in denying his motion in limine and his motion for new trial, committed reversible error for failing to give the jury a copy of the jury instructions, and erred in permitting the jury to hear a 911 call made by the victim's wife.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

In June of 2011, an arrest warrant was issued for petitioner charging him with one count of malicious assault after petitioner attacked the victim with a weed eater. A jury trial was held on April 14, 2012. At the close of the State's case-in-chief, petitioner moved for a judgment of acquittal, which the circuit court denied. Following the close of petitioner's case-in-chief, petitioner renewed his motion for judgment of acquittal, which the circuit court again denied. Petitioner was convicted of one count of unlawful assault. In May of 2012, petitioner filed a motion for new trial alleging nineteen separate grounds for relief and a notice of intent to appeal alleging the same grounds for relief. Following a hearing on petitioner's motion for new trial, the circuit court denied petitioner's motion. Petitioner was then sentenced to a term of incarceration of one to five years for unlawful assault.[1]

Petitioner raises four assignments of error. First, petitioner argues that the circuit court erred in granting the State's motion *in limine* to exclude prior acts of harassment perpetrated by the victim against petitioner between 1995 and 2007, which petitioner contends support his claim of self-defense. This Court has stated that, "[a] trial court's ruling on a motion *in limine* is reviewed on appeal for an abuse of discretion." Syl. Pt. 1, *McKenzie v. Carroll Intern. Corp.*, 216

---

[1] Petitioner was released on probation on October 23, 2012.

1

W.Va. 686, 610 S.E.2d 341 (2004). "In particular, under our traditional rule, a defendant in a homicide, malicious wounding, or assault case who relies on self-defense or provocation may introduce evidence concerning the violent or turbulent character of the victim, including prior threats or attacks on the defendant." Syl. Pt. 2, *State v. Woodson*, 181 W.Va. 325, 382 S.E.2d 519 (1989). Upon our review, the Court finds no abuse of discretion in the circuit court's decision to grant the State's motion *in limine* to exclude prior acts of harassment between 1995 and 2007 as too remote and too prejudicial to show the victim's state of mind years ago. *See State v. Gangwer*, 168 W.Va. 190, 198, 283 S.E.2d 839, 844 (1981) (excluding defendant's evidence because it was too remote.). Importantly, the circuit court allowed into evidence that, roughly one month before the incident, the victim threatened to kill petitioner.

Second, petitioner argues that the circuit court erred in denying his motion for new trial on the basis that the jury verdict was contrary to the weight of the evidence presented at trial. In support of his argument, petitioner asserts that the circuit court was presented with substantial evidence to show that the victim was drinking on the night of the incident, voluntarily got off of his utility vehicle to confront petitioner, and that he presented photographic evidence of his injuries after he was attacked by the victim.

With respect to a trial court's denial of a motion for a new trial, this Court has explained:

> "'[a]lthough the ruling of a trial court in granting or denying a motion for a new trial is entitled to great respect and weight, the trial court's ruling will be reversed on appeal when it is clear that the trial court has acted under some misapprehension of the law or the evidence.' Syl. pt. 4, *Sanders v. Georgia–Pacific Corp.,* 159 W.Va. 621, 225 S.E.2d 218 (1976)." Syllabus point 1, *Andrews v. Reynolds Memorial Hospital, Inc.,* 201 W.Va. 624, 499 S.E.2d 846 (1997). Syl. pt. 1, *Lively v. Rufus,* 207 W.Va. 436, 533 S.E.2d 662 (2000).

*State v. White*, 228 W.Va. 530, 536, 722 S.E.2d 566, 572 (2011). Moreover, in reviewing the sufficiency of the evidence of a criminal conviction on appeal, we have held as follows:

> "'The function of an appellate court when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, is sufficient to convince a reasonable person of the defendant's guilt beyond a reasonable doubt. Thus, the relevant inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.' Syl. Pt. 1, *State v. Guthrie,* 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 1, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 8, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012).

> "'A criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the

prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt.' Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt.' Syl. Pt. 3, in part, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995)." Syl. Pt. 2, *State v. Juntilla,* 227 W.Va. 492, 711 S.E.2d 562 (2011).

Syl. Pt. 9, *State v. Stone*, 229 W.Va. 271, 728 S.E.2d 155 (2012). The evidence supports that the victim was not intoxicated and that petitioner attacked the victim with a weed eater first on the date of the incident. Therefore, this Court concludes that there was sufficient evidence to convince a reasonable person of petitioner's guilt beyond a reasonable doubt; thus, the circuit court correctly denied petitioner's motion for new trial.

Third, petitioner argues that the circuit court committed reversible error by failing to give the jury a copy of the instructions. Petitioner argues that the circuit court promised to give the jury a copy of the instructions and petitioner's counsel requested that they be provided a copy. This Court notes the following:

> "An appellant must carry the burden of showing error in the judgment of which he complains. This Court will not reverse the judgment of a trial court unless error affirmatively appears from the record. Error will not be presumed, all presumptions being in favor of the correctness of the judgment." Syllabus point 5, *Morgan v. Price*, 151 W.Va. 158, 150 S.E.2d 897 (1966).

Syl. Pt. 2, *Benson v. AJR, Inc.*, 226 W.Va. 165, 698 S.E.2d 638 (2010). Petitioner provides no support for his argument that the circuit court promised to give the jury a copy of the instructions. In fact, after the circuit court instructed the jury, it stated that, "[i]f you desire to receive a copy of the Instructions given by the [c]ourt, you may ask the Bailiff or the [c]ourt to provide those instructions to you in writing for your use during deliberations." Furthermore, the transcript does not reflect that petitioner's counsel specifically requested that the jury be given a copy of the instructions. For these reasons, the Court declines to find error in the circuit court's failure to provide the jury with a copy of the instructions.

Finally, petitioner argues that the circuit court improperly allowed the State to play a tape of the 911 call made by the victim's wife. He argues that the tape offers no evidentiary value and its probative value is substantially outweighed by its potential for unfair prejudice. Further, petitioner argues that the circuit court failed to make a proper analysis pursuant to Rule 403 of the West Virginia Rules of Evidence. While the circuit court ruled that it would allow the 911 tape into evidence, the trial transcript is devoid of any indication that the State actually played the 911 tape for the jury. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that arguments "contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported

by specific references to the record on appeal." Moreover, it is a petitioner's burden to show the error in judgment of which he complains. *See* Syl. Pt. 2, *WV Dept. of Health & Human Resources Employees Federal Credit Union v. Tennant*, 215 W.Va. 387, 599 S.E.2d 810 (2004). Petitioner's argument is without support from the record below and, therefore, we find no merit.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** September 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING:**

Justice Menis E. Ketchum

4